IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD CRAIG O'NEILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:08cv311-WKW |
| | ) | (WO) |
| DARLENE DREW, WARDEN, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Donald Craig O'Neill ("O'Neill"), an inmate at the Federal Correctional Camp in Montgomery, Alabama. O'Neill challenges the Bureau of Prisons ("BOP")'s refusal to transfer him to an institution where he can complete the Residential Drug Abuse Program ("RDAP") in order to be eligible for a full sentence reduction under 18 U.S.C. § 3621(e)(2)(b). He maintains that the BOP's actions have deprived him of his rights to due process and equal protection as well as those rights afforded to him by Congress under 18 U.S.C. § 3621(e).

**DISCUSSION**

A federal prisoner who requests habeas corpus relief under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief from this court. *Gonzalez v. United States*, 959 F.2d 211 (11th Cir. 1992). The BOP has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court.

*See* 28 C.F.R. §§ 542.10 *et seq*.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990). These regulations govern formal review of inmate complaints relating to any aspect of their imprisonment and specify the procedures that inmates must pursue before attempting to seek relief in federal court. *United States v. Herrera*, 931 F.2d 761, 764 (11th Cir. 1991). If, and only if, an inmate has pursued his administrative remedy may he seek relief in federal court. *Id*. "Exhaustion of administrative remedies is jurisdictional" when a petition is filed pursuant to 28 U.S.C. § 2241 for release from federal prison. *Gonzalez*, 959 F.2d at 212; *Winck v. England*, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003).

Upon review of the petition and supporting evidentiary material filed in this case, it appears that O'Neill has not yet exhausted his available administrative remedies with respect the claims presented in his petition. This court does not deem it appropriate to rule on the merits of O'Neill's claims without first requiring that he exhaust available administrative procedures established by the BOP. O'Neill argues that actions of the prison staff made exhaustion "impossible." Any subjective belief on the part of O'Neill that exhausting administrative remedies is a futile effort is insufficient to excuse him from first pursuing the relief he seeks through the appropriate administrative channels. *See Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). The record before the court shows that O'Neill did not seek relief through all available and required administrative remedies. *See* doc. # 9-5.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice to afford O'Neill an opportunity to exhaust his administrative

remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before July 10, 2008.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of June, 2008.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3